# EXHIBIT "A"

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | | FOR COURT USE ONLY |
|---|---|---|

DONALD L. CRAWFORD SR.
702 N. Teakwood Avenue
Rialto, CA 92376

TELEPHONE NO.: 909-333-9024    FAX NO. (Optional):
ATTORNEY FOR (Name): Plaintiff in Pro Per

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA. 90012
BRANCH NAME: Central - Stanley Mosk Courthouse

**FILED**
Superior Court of California
County of Los Angeles

**DEC 02 2020**

Sherri R. Carter, Executive Officer/Clerk of Court
By _C. Grijalva_ Deputy
Cristina Grijalva

CASE NAME:
Donald L. Crawford Sr. vs Experian Information Solutions, Inc. et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 20STCV45908 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify): 3 - Violation of Fair Credit Reporting Act; Unfair Bus Practices, Defamation
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: 12/02/2020

DONALD L. CRAWFORD SR.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

| Print this form | Save this form | | Clear this form |

| SHORT TITLE: Donald L. Crawford Sr. vs Experian Information Solutions, Inc. et al | CASE NUMBER 20STCV45908 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
# STATEMENT OF LOCATION
# (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** — Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** — Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
|  | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
|  | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
|  | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
|  | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
|  | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Donald L. Crawford Sr. vs Experian Information Solutions, Inc., et al | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Donald L. Crawford Sr. vs Experian Information Solutions, Inc. et al | CASE NUMBER |
|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | |
| Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | ☐ A6160  Abstract of Judgment | 2, 6 |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | ☐ A6190  Election Contest | 2 |
| | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | ☐ A6100  Other Civil Petition | 2, 9 |

12/03/2020

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Donald L. Crawford Sr. vs Experian Information Solutions, Inc. et al | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br><br>818 W. Seventh Street |
|---|---|

| CITY:<br><br>Los Angeles | STATE:<br><br>CA | ZIP CODE:<br><br>90017 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: December 2, 2020

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Experian Information Solutions, Inc. Charter Communications, Inc. (see attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Donald L. Crawford Sr.

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED
Superior Court of California
County of Los Angeles

DEC 02 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By _____ Deputy
Cristina Grijalva

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles County Superior Court 111 N. Hill Street Los Angeles CA 90012

CASE NUMBER: *(Número del Caso):* 20STCV45908

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Donald L. Crawford Sr., 702 N. Teakwood Avenue, Rialto, CA. 92376 (909) 333-9024

DATE: DEC 0 2 2020
*(Fecha)*

Clerk, by CRISTINA GRIJALVA , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**   | Print this form | Save this form |          | Clear this form |

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Donald L. Crawford Sr.. vs  Experian Credit Services Company, LTD, et al | 20STCV45908 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

ADDITIONAL DEFENDANTS - Auto Retail Group, Inc. Neeemi Nohemi Anorve Almusleh,, an individual, Veros Credit, Inc.,Equifax, Inc., Transunion, LLC,, and DOES 1-20, Inclusive

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]        [ Clear this form ]

DONALD L. CRAWFORD SR.
702 N. Teakwood Avenue
Rialto, CA. 92376
(909) 333-9024

Plaintiff in Pro Per

FILED
Superior Court of California
County of Los Angeles

DEC 02 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ Deputy
Cristina Grijalva

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

DONALD L. CRAWFORD SR.,                    )   CASE NO.  20STCV45908
                                           )
                    Plaintiff,             )   **COMPLAINT FOR VIOLATION OF**
                                           )   **FAIR CREDIT REPORTING ACT;**
             vs.                           )   **DEFAMATION AND FALSE LIGHT;**
                                           )   **INVASION OF PRIVACY; UNFAIR**
EXPERIAN INFORMATION                       )   **BUSINESS PRACTICES ND**
SOLUTIONS, INC.,CHARTER                    )   **RETALIATION;  AND FOR**
COMMUNICATIONS, INC., AUTO                 )   **EXEMPLARY AND PUNITIVE**
RETAIL GROUP, INC. NOHEMI                  )   **DAMAGES**
ANORVE ALMUSLEH, an individual,            )
VEROS CREDIT, INC., EQUIFAX,               )
INC,, TRANSUNION, LLC;  and                )
DOES 1-10 inclusive,                       )
                                           )
DOES 1-20 <u>etc</u>        Defendants.

Plaintiff allege as follows:

## PRELIMINARY ALLEGATIONS

1. Defendants, EXPERIAN, EQUIFAX, and TRANSUNION are credit reporting

agencies who report credit history to prospective grantors of credit who rely upon

the accuracy of the information disseminated by these credit reporting agencies.

1

2. Defendant, Charter Communications, Inc.fka Time Warner Cable and currently doing business as Spectrum, is a nationwide communications entity providing telecommunications to millions of customers via internet, cable tv, and telephone services and was, and is, the cable and internet provider for plaintiff. This defendant has been supplying these services to plaintiff since at least 2009 and has been the subject of numerous complaints by plaintiff and other consumers for unfair business practices.

3. Defendants sued herein as DOES 1-20, Inclusive are defendants who either participated, at the behest of the named defendants, in defamatory and inaccurate credit reporting.

4. Defendants, AUTO RETAIL GROUP, INC.. and its president, NOHEMI ANOVE ALMUSLEH, and VEROS CREDIT, INC.,  are partners in the sale and financing of vehicles to high risk clients using a variety of high pressure sales and collection tactics.

5. On  August 7, 2019 plaintiff went to the car lot, Auto Retail Group (ARG) to look to buy a late model used car.  Once plaintiff selected a 2015 Nissan Altima that he was interested in, the down payment was increased to $2,500. Almusleh, aka Danny, joined the conversation and said he could run plaintiff's credit and assured plaintiff that he could drive the car out that day. This is known as the "spot delivery scam" and is a violation of California law.

6. Once inside the dealership Danny ran plaintiff's credit history and informed plaintiff that his credit was good and that he qualified for the 2015 Altima and asked plaintiff for a down payment of $2,500 to drive the car away. Almusleh and his saleman, Danny, stated that Veros Credit had approved financing of the vehicle. Two days later plaintiff made his down payment and drove the car away only to be called by Veros Credit who stated that they had to "finalize" the deal by getting more credit information from plaintiff. Neither defendant informed plaintiff that this was a ""spot

2

delivery scam" and that plaintiff had NOT been approved for credit.

7. The next day, Thursday, August 8, 2019, unbeknownst to plaintiff, his credit application had not been approved by Veros as stated by Danny. In fact, both Auto Retail Group and Veros Credit, without plaintiff's knowledge or consent, did "shop" plaintiff's credit application and personal information to at least 7 other finance companies on the same day, to wit, Thursday, August 8, 2019 – one day after both ARG and Veros told plaintiff that his application had been approved and would be finance by Veros Credit, Inc. This "spot delivery scam" allowed plaintiff to drive the vehicle off of the lot the next day, August 9, 2019 believing that his loan had been approved by Veros and having no knowledge that seven (7) finance companies, all contacted by ARG and Veros had run plaintiff's credit on the same day – August 8, 2019, creating a negative impact on plaintiff's credit report known as a "hard inquiry". Plaintiff only found out about the 7 hard inquiries in September, 2020 when he applied for a Covid 19 Disaster Small Business loan which was turned down due to the negative credit report, primarily caused by the 7 hard inquiries that defendants and the 11 negative "collection" reports made to Experian by ERC, a collection agency representing defendant, Charter. ERC, at the behest of Charter, made 11 consecutive negative collection reports to all the credit reporting agencies from November, 2019 through September 2020 for a mere $124.00 debt that plaintiff allegedly owed to Charter. These two incidents of wrongful reporting were a major reason for plaintiff's low credit score and rejection of credit by the SBA.

8. After plaintiff was rejected for a government backed Covid 19 Disaster loan thru SBA he obtained a copy of the credit report revealing the negative and repetitive reports made by defendants, Charter, ARG, and Veros Credit.

9. Defendant, Experian, pursuant to the Fair Debt Credit Reporting did supply plaintiff with their credit report revealing these findings. Defendants, Equifax, Inc., and

Transunion, LLC failed and refused to supply plaintiff with his credit report as required by law. Both Equifax and Transunion used a series of incorrect test questions used to identify the person seeking the report. Each question asked by Equifax and Transunon regarding employment, address, banking information, etc were not associated with plaintiff in any manner and as a result each company denied plaintiff his credit report which he was entitled to by law. As a direct and proximate result of these errors and omissions plaintiff has been damaged in a sum according to proof.

## FIRST CAUSE OF ACTION
### (Violation of Fair Credit Reporting Act)

10    Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1-9, inclusive, as though fully set forth at length.

11.    Defendants, Experian, Equifax, and Transunion have and continue to report inaccurate and derogatory information relating to plaintiff's credit history.

12. Te inaccurate and derogatory information being reported by the 3 credit reporting agencies include an alleged "collection" account from defendant Charter regarding a disputed past account that plaintiff never received any notice. Charter, according to representatives of ERC Collection agency had requested that a negative report be generated each month by ERC stating that plaintiff's account was in collections and not being paid. There were 11 consecutive negative reports made to Experian by ERC at the behest of Charter beginning in November, 2019 and continuing until September, 2020 when plaintiff confronted ERC who promptly withdrew the negative report. The alleged debt was from a prior address dating back to 2017. Plaintiff had never been contacted by Charter (then Time Warner Cable) even

4

though plaintiff continues to receive cable, internet, and telephone service from Charter paying his bill each month. The negative credit report which began in November, 2019 coincided with a dispute that plaintiff had with Charter about overbilling, charges for services not supplied, all of which was part of a complaint that plaintiff filed with the Federal Communication Commission, coincidentally, in November, 2019. Charter's sudden interested in this closed account and subsequent instruction to ERC to post negative information on plaintiff's credit record each and every month amounts to Retaliation and Unfair Business Practices.

13. The negative information posted by ARG and Veros Credit was the result of greed in that ARG wanted to insure that plaintiff be approved for a car loan and they desperately reached out to 7 other finance companies on the same day to insure they would not lose the sale, not caring that each inquiry made would negatively impact plaintiff's credit record for at least 2 years.

14. Experian, Equifax, and Transunion had a legal duty to insure the accuracy of these credit reports and further knew that all creditors and credit reporting agencies must comply with the California Rosenthal Fair Credit Reporting Act and the Federal Fair Credit Reporting Act, yet they recklessly posted the negative information as though it were true without any corroborating evidence from these creditors. In addition, plaintiff had at least 2 other credit accounts that were in good standing, and in fact, were paid off early, which were never reported by the credit reporting agencies.

15. When Charter reported this derogatory information about plaintiff's prior account they knew the information was inaccurate. Charter further knew that neither Charter nor ERC ever notified plaintiff of this alleged past due debt even though Charter is the current provider of plaintiff's cable and internet service and bills plaintiff each month, since 2018, at plaintiff's current address. This was clearly retaliation for plaintiff having filed 2 complaints against Charter with the FCC.

16. As a direct and proximate result of the negligence of defendants, and each

1   of them, and the retaliatory and greedy acts of Charter and ARG and Veros Credit,

2   plaintiff has been damaged in a sum according to proof.

3

4   ///

5   ///

6   **SECOND CAUSE OF ACTION**

7   **(Unfair Business Practices)**

8

9

10

11   17.   Plaintiff realleges and incorporates by reference each and every

12   allegation contained in paragraphs 1-16, inclusive, as though fully set forth at length.

13   18 The State of California has enacted legislation to protect its elderly citizens

14   from financial abuse and from Unfair or Deceptive Business Practices. The state

15   recognizes that elderly people are more susceptible to fraud and financial

16   manipulation. Defendants, Charter, ARG, and Veros used every deceptive method at

17   their disposal, including severely impacting plaintiff's credit history and placing plaintiff

18   in a False Light in the eyes of future creditors.

19   19. When plaintiff went to ARG seeking to buy a late model used vehicle,

20   defendants used deception to convince plaintiff to purchase a vehicle from them. Once

21   they lured plaintiff into their office they fraudulently claimed that plaintiff could easily

22   qualify for one of their late model used cars. The true facts were that defendants were

23   performing a "spot delivery scam" wherein they would reel in an unsuspecting victim,

24   falsely claim that his credit was approved, allow him to drive the car away thinking that

25   the deal was complete only to be called back into the office to be informed that his

26   "credit failed' or that he needed more money down to retain the vehicle. In the

27   meantime the dealership is scrambling to find financing. In addition, defendant falsely

28

claimed that the vehicle would not be equipped with a GPS tracker, all of which were untrue. The scam allows the victim to get attached to the vehicle to the point where they will do whatever the dealership asks in order to retain the vehicle or risk repossession. The true facts are that these unscrupulous sales reps and dealerships and their partner finance companies are using fraudulent, deceptive, and unfair business practice to lure high risk customers into predatory high risk contracts which they control which usually results in repossession and the same scam is run again with a new vulnerable customer. Defendant, But for the deception and false promises made by defendants, and the behind the back wholesale distribution of plainttiff's credit history and information for their own greedy purposes, plaintiff, had he known all the facts, would not have entered into the predatory contract.

20. Defendant, Charter, used a more sinister deceptive and unfair business tactic by reviving an old debt without notifying plaintiff, even though plaintiff, at all times, was and is a customer of Charter whose address is currently known by Charter, and deliberately placed a "monthly" derogatory and negative credit report against plaintiff for 11 consecutive months for a paltry sum of $124.00, which is less than half of plaintiff's current monthly charges being billed by Charter. Said negative credit reporting was made in Retaliation of complaints filed by plaintiff with the FCC and CPUC.

21. The acts of defendants constitute Deceptive and Unfair Business Practices under Business and Professions Code, Section 17200 et seq. and Financial Abuse, and fraud and plaintiff is entitled to damages in a sum according to proof..

22.. The acts of defendants were deliberate, fraudulent, oppressive, and justify the awarding of exemplary and punitive damages in a sum according to proof.

7

**THIRD CAUSE OF ACTION**

**(Defamation and False Light)**

22.    Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1-22, inclusive, as though fully set forth at length.

23    Defendants, and each of them, by their acts and omissions, have placed plaintiff in a False Light and Defamed his name and credit reputation by placing these multiple "hard inquiries" on plaintiff's credit report without his knowledge or consent. The credit reports generated by false information provided by Charter and its affiliate, ERG placed on plaintiff's recorded repeatedly has caused plaintiff to sustain actual damages, including, but not limited to, injury to plaintiff's reputation, invasion of privacy, damage to plaintiff's credit, emotional distress, and mental anguish, all to plaintiff's damage in a sum according to proof.

.

**EXEMPLARY AND PUNITIVE DAMAGES**

38. The acts and omissions of defendants, Charter, Auto Retail Group, Veros Credit, and Almusleh were fraudulent, oppressive, deceitful, and retaliatory and justify the awarding of exemplary and punitive damage to deter future conduct of these defendants, in a sum according to proof.

WHEREFORE, plaintiff prays for judgment as follows:

1. For an Order requiring Experian, Equifax, and Transunion to remove all negative information from plaintiff's credit report submitted by or through defendants,

8

Charter, ARG, Veros Credit, including each hard inquiry made on or about August 8, 2019 at the behest of ARG and/or Veros, as well as all negative an derogatory information related to the alleged past due account submitted by Charter or their agents and affiliates.

2. For damages for Unfair Business Practices against defendants, Charter, Veros, ARG, and Almusleh, individually, in a sum according to proof.

3. For damages for Defamation, False Light, and Credit Reputation against all defendants n a sum according to proof.

4. For damages for Elder Financial Abuse in a sum according to proof.

5. For exemplary and punitive damages against Charter, ARG, and Veros Credit for fraud, oppression, retaliation, and malicious conduct in a sum according to proof.   and

6. For such other and further relief as the court deems just and proper.

DATED:  December 2, 2020

DONALD L. CRAWFORD SR.
Plaintiff in Pro Per

9

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**12/02/2020**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ P. Figueroa _____ Deputy

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF(S):

Donald L Crawford, Sr.

DEFENDANT(S):

Experian Information Solutions, Inc et al

**ORDER TO SHOW CAUSE HEARING**

CASE NUMBER:

20STCV45908

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>04/13/2021</u> at <u>9:00 AM</u> in department <u>62</u> of this court, <u>Stanley Mosk Courthouse</u>, and show cause why sanctions should not be imposed for:

[✔]    Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]    To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>12/02/2020</u>

_____
Michael L. Stern / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>12/02/2020<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br><br>By: _____ P. Figueroa _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Donald L Crawford, Sr. | |
| DEFENDANT/RESPONDENT:<br>Experian Information Solutions, Inc et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV45908 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Donald L Crawford, Sr.
702 N. Teakwood Ave
Rialto, CA  92376

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>12/2/2020</u>                    By:   P. Figueroa _____
                                                    Deputy Clerk

**CERTIFICATE OF MAILING**

| **FW-003** | **Order on Court Fee Waiver**<br>**(Superior Court)** | Clerk stamps date here when form is filed. |
|---|---|---|

**(1) Person who asked the court to waive court fees:**

Name: Donald L Crawford, Sr.

Street or mailing address: 702 N. Teakwood Ave

City: Rialto      State: CA      Zip: 92376

**(2) Lawyer, if person in (1) has one** *(name, firm name, address, phone number, e-mail, and State Bar number):*

_____
_____
_____
_____
_____

**(3)** A request to waive court fees was filed on *(date):* 12/02/2020

☐ The court made a previous fee waiver order in this case on *(date):*

_____

*Read this form carefully. All checked boxes ☑ are court orders.*

**FILED**
Superior Court of California
County of Los Angeles
12/02/2020
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ C. Grijalva _____ Deputy

Fill in court name and street address:
**Superior Court of California, County of Los Angeles**

**Stanley Mosk Courthouse**
**111 North Hill Street**
Los Angeles CA 90012

Fill in case number and name:
**Case Number:**
20STCV45908

**Case Name:**
DONALD L CRAWFORD, SR. vs EXPERIAN INFORMATION SOLUTIONS, INC. et al

---

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

**(4)** After reviewing your: ☑ **Request to Waive Court Fees**    ☐ **Request to Waive Additional Court Fees**
the court makes the following orders:

a. ☑ The court **grants** your request, as follows:

  (1) ☑ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:

- Filing papers in superior court
- Making copies and certifying copies
- Sheriff's fee to give notice
- Court fee for phone hearing
- Giving notice and certificates
- Sending papers to another court department

- Reporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding and you request that the court provide an official reporter
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing, certifying, copying, and sending the clerk's transcript on appeal
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835

  (2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.

    ☐ Jury fees and expenses
    ☐ Fees for court-appointed experts
    ☐ Other *(specify):* _____

    ☐ Fees for a peace officer to testify in court
    ☐ Court-appointed interpreter fees for a witness

---

Judicial Council of California, www.courts.ca.gov
Revised September 1, 2019, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52

**Order on Court Fee Waiver (Superior Court)**

b. ☐ The court **denies** your fee waiver request because:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) Your request is incomplete. You have **10 days** after the clerk gives notice of this Order (see date of service ☐ on next page) to:

- Pay your fees and costs, or
- File a new revised request that includes the incomplete items listed:
  - ☐ Below   ☐ On Attachment 4b(1)

_____
_____
_____
_____

(2) ☐ The information you provided on the request shows that you are not eligible for the fee waiver you requested for the reasons stated: ☐ Below      ☐ On Attachment 4b(2)

_____
_____
_____
_____
_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)* (form FW-006).You have **10 days** after the clerk gives notice of this order (see date of service below) to:

- Pay your fees and costs in full or the amount listed in c below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. (1) ☐ The court needs more information to decide whether to grant your request. You must go to court on the date on page 3. The hearing will be about the questions regarding your eligibility that are stated:

☐ Below   ☐ On Attachment 4c(1)

_____
_____
_____
_____

(2) ☐ Bring the items of proof to support your request, if reasonably available, that are listed:

☐ Below   ☐ On Attachment 4c(2)

_____
_____
_____
_____
_____
_____
_____

**This is a Court Order.**

Your name: Donald L Crawford, Sr.

Case Number:
20STCV45908

Name and address of court if different from above:

| Hearing Date | → Date: | Time: |
| | Dept.: | Room: |

**Warning!** If item c(1) is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

C. Grijalva

Date: 12/02/2020

Signature of (check one):   ☐ Judicial Officer   ☑ Clerk, Deputy

## Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):*

☑ I handed a copy of this Order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.

☐ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city):* Los Angeles _____, California, on the date below.
  ☐ A certificate of mailing is attached.

Date: 12/02/2020

Sherri R. Carter, Executive Officer / Clerk of Court

Clerk, by C. Grijalva _____, Deputy
Name: _____

**This is a Court Order.**

**Order on Court Fee Waiver (Superior Court)**

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

12/02/2020

### NOTICE OF CASE ASSIGNMENT

### UNLIMITED CIVIL CASE

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ C. Grijalva _____ Deputy

| | |
|---|---|
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV45908 |

#### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Michael L. Stern | 62 | | | | | | |

<br><br><br><br><br><br>

Given to the Plaintiff/Cross-Complainant/Attorney of Record     Sherri R. Carter, Executive Officer / Clerk of Court

on 12/02/2020
   (Date)

By C. Grijalva _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Donald L Crawford, Sr.

DEFENDANT:
Experian Information Solutions, Inc et al

### NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

12/02/2020

Sherri R. Carter, Executive Officer / Clerk of Court

By: ___P. Figueroa___ Deputy

CASE NUMBER:
20STCV45908

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 05/19/2021 | Time: 11:00 AM | Dept.: 62 |
|---|---|---|

NOTICE TO DEFENDANT:  THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b) and California Rules of Court, rule 2.2 et seq.

Dated: __12/02/2020__

_____
Michael L. Stern / Judge
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Donald L Crawford, Sr.
702 N. Teakwood Ave
Rialto, CA 92376

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: __12/02/2020__

By __P. Figueroa__
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

| | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/02/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ P. Figueroa _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Donald L Crawford, Sr. | |
| DEFENDANT/RESPONDENT:<br>Experian Information Solutions, Inc et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV45908 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Donald L Crawford, Sr.
702 N. Teakwood Ave
Rialto, CA  92376

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 12/2/2020

By:   P. Figueroa
Deputy Clerk

**CERTIFICATE OF MAILING**