**THOMPSON COBURN LLP**
**LUKAS SOSNICKI, CSB 295895**
**lsosnicki@thompsoncoburn.com**
**LAUREN CHEE, CSB 317617**
**lchee@thompsoncoburn.com**
**2029 Century Park East, 19th Floor**
**Los Angeles, California 90067**
**Tel: 310.282.2500 / Fax: 310.282.2501**

Attorneys for Defendant
CHARTER COMMUNICATIONS, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| DONALD L. CRAWFORD, SR., <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., CHARTER COMMUNICATIONS, INC., AUTO RETAIL GROUP INC., NOHEMI ANORVE ALMUSLEH, VEROS CREDIT, INC., EQUIFAX, INC., TRANSUNION, LLC, and DOES 1-20 inclusive, <br><br> Defendant. | CASE NO. 2:21-cv-00116-DSF-JPR <br><br> Assigned to the Honorable Dale S. Fischer <br><br> **DEFENDANT CHARTER COMMUNICATIONS, INC.'S ANSWER TO COMPLAINT** <br><br><br> Action Filed: December 2, 2020 |

Defendant Charter Communications, Inc. ("Charter" or "Defendant"), for its Answer to Plaintiff Donald L. Crawford, Sr.'s ("Plaintiff") Complaint ("Complaint"), states as follows:

## **PRELIMINARY ALLEGATIONS**

1.  The allegations in Paragraph 1 are not asserted against Charter, and therefore Paragraph 1 does not require an answer from Charter. To the extent a response is required, Charter generally understands that Experian, Equifax, and TransUnion are credit reporting agencies. Charter is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 1 and demands strict proof thereof.

2.  Charter admits only that it is a telecommunications company that provides services, including internet, cable, and telephone, to consumers nationwide. Charter admits only that it has received complaints from Plaintiff and, like any company that does business with consumers, complaints about its services and business practices. Charter denies any remaining allegations in Paragraph 2 and demands strict proof thereof.

3.  Charter is without sufficient knowledge or information to admit or deny the allegations in Paragraph 3 and demands strict proof thereof.

4.  Charter is without sufficient knowledge or information to admit or deny the allegations in Paragraph 4 and demands strict proof thereof.

5.  Charter is without sufficient knowledge or information to admit or deny the allegations in Paragraph 5 and demands strict proof thereof.

6.  Charter is without sufficient knowledge or information to admit or deny the allegations in Paragraph 6 and demands strict proof thereof.

7.  Charter is without sufficient knowledge or information to admit or deny the allegations in Paragraph 7 and demands strict proof thereof.

8.  Charter is without sufficient knowledge or information to admit or deny the allegations in Paragraph 8 and demands strict proof thereof.

9.     Charter is without sufficient knowledge or information to admit or deny the allegations in Paragraph 9 and demands strict proof thereof.

## FIRST CAUSE OF ACTION

### (Violation of Fair Credit Reporting Act)

10.     Charter incorporates by reference its responses to Paragraphs 1 through 9 for its response to Paragraph 10.

11.     The allegations in Paragraph 11 are not asserted against Charter, and therefore Paragraph 11 does not require an answer from Charter.  To the extent a response is required, Charter is without sufficient knowledge or information to admit or deny the allegations in Paragraph 11 and demands strict proof thereof.

12.     Charter denies the allegations against it in Paragraph 12. Charter is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 12 and demands strict proof thereof.

13.     The allegations in Paragraph 13 are not asserted against Charter, and therefore Paragraph 13 does not require an answer from Charter.  To the extent a response is required, Charter is without sufficient knowledge or information to admit or deny the allegations in Paragraph 13 and demands strict proof thereof.

14.     The allegations in Paragraph 14 are not asserted against Charter, and therefore Paragraph 14 does not require an answer from Charter.  To the extent a response is required, Paragraph 14 contains legal conclusions to which no response is required.  To the extent a response is required, Charter is without sufficient knowledge or information to admit or deny the allegations in Paragraph 14 and demands strict proof thereof.

15.     Charter denies the allegations in Paragraph 15.

16.     Charter denies the allegations in Paragraph 16.

## SECOND CAUSE OF ACTION

### (Unfair Business Practices)

17.     Charter incorporates by reference its responses to Paragraphs 1 through

16 for its response to Paragraph 17.

18.     Paragraph 18 contains legal conclusions to which no response is required.  To the extent a response is required, Charter states that Business and Professions Code, Section 17200, *et seq.*, speaks for itself and Charter denies any allegations inconsistent therewith.  Charter further denies any other allegations in Paragraph 18.

19.     The allegations in Paragraph 19 are not asserted against Charter, and therefore Paragraph 19 does not require an answer from Charter.  To the extent a response is required, Paragraph 19 contains legal conclusions to which no response is required.  To the extent a response is required, Charter is without sufficient knowledge or information to admit or deny the allegations in Paragraph 19 and demands strict proof thereof.

20.     Charter denies the allegations in Paragraph 20.

21.     Paragraph 21 contains only legal conclusions to which no response is required.  To the extent a response is required, Charter states that Business and Professions Code, Section 17200, *et seq.*, speaks for itself and Charter denies any allegations inconsistent therewith.

22.     Paragraph 22 contains legal conclusions to which no response is required.  To the extent a response is required, Charter denies the allegations in Paragraph 22.

### **THIRD CAUSE OF ACTION**

### **(Defamation and False Light)**

22.     Charter incorporates by reference its responses to Paragraphs 1 through 22 for its response to Paragraph 22 [sic][1].

23.     Paragraph 23 [sic] contains legal conclusions to which no response is required.  To the extent a response is required, Charter denies the allegations in

---

[1] In Plaintiff's Complaint, Plaintiff uses Paragraph 22 twice.  To avoid confusion, Charter responds to the allegations as pled.

Paragraph 23 [sic].

## EXEMPLARY AND PUNITIVE DAMAGES

38.     Paragraph 38 [sic] contains legal conclusions to which no response is required.   To the extent a response is required, Charter denies the allegations in Paragraph 38 [sic].[2]  Charter also denies that Plaintiff is entitled to any relief prayed for in the Complaint and, therefore, denies his entitlement to the relief requested in the WHEREFORE clause, beginning on page 8, including each of its sub-paragraphs (1) through (6).

## DEFENSES AND AFFIRMATIVE DEFENSES

While Charter denies the allegations of the Complaint as stated above, it raises the following additional defenses. Inclusion of such defenses is not intended to shift the burdens of proof or persuasion imposed by law. Moreover, inclusion of these defenses shall not be deemed an admission of liability, damages, or other essential elements of Plaintiff's claims, but rather as alternative or additional defenses that may bar or otherwise limit recovery.

## FIRST AFFIRMATIVE DEFENSE

### (To All Claims For Relief Alleged Against Charter)

The Complaint and each purported cause of action contained therein fails to state a claim against Charter upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (To All Claims For Relief Alleged Against Charter)

Plaintiff's claims are subject to the terms and conditions of Charter's service and subject to a valid and binding arbitration provision, wherein either party may— without the other's consent—elect mandatory, binding arbitration for any claim, dispute, or controversy between the parties.  Charter's services were used pursuant to the terms and conditions of the account.  As such, the proper forum for Plaintiff's

---

[2] Plaintiff's Complaint skips from Paragraph 22 to 38.  To avoid confusion, Charter responds to the allegations as pled.

claims against Charter is arbitration.  The Complaint should be dismissed and/or stayed and Plaintiff should be compelled to arbitrate his claims against Charter. ***Charter reserves the right to elect arbitration and the filing of this Answer and does not waive Charter's right to elect arbitration.***  In satisfaction of the Court's local rules, Charter has endeavored to meet and confer with Plaintiff regarding Charter's position on arbitration and to avoid the expense and delay of a contested motion to compel, while conserving judicial resources.  Charter will continue to address this issue with Plaintiff in the interest of attempting to reach a stipulation.

### THIRD AFFIRMATIVE DEFENSE
### (To All Claims For Relief Alleged Against Charter)

Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations, pursuant to 15 U.S.C. § 1681p, Business and Professions Code § 17200, *et seq.*, and Cal. Code of Civ. Proc. § 340.

### FOURTH AFFIRMATIVE DEFENSE
### (To All Claims For Relief Alleged Against Charter)

Any purported damages to Plaintiff, which Charter continues to deny, are the result of the acts or omissions of persons or entities over whom Charter has neither control nor responsibility.

### FIFTH AFFIRMATIVE DEFENSE
### (To All Claims For Relief Alleged Against Charter)

The statutory penalties sought by Plaintiff are excessive and thus violate the due process clause of the Fifth Amendment to the United States Constitution, and the due process provision of the Fourteenth Amendment to the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE
### (To All Claims For Relief Alleged Against Charter)

Plaintiff's claims are barred by the doctrines of waiver, estoppel, and privilege.

## SEVENTH AFFIRMATIVE DEFENSE

### (To All Claims For Relief Alleged Against Charter)

The matters that are the subject of the Complaint and the actions therein complained of are attributable to third parties over whom Charter had no control or right to control, and recovery is, therefore, barred or proportionately reduced accordingly.

## EIGHTH AFFIRMATIVE DEFENSE

### (To All Claims For Relief Alleged Against Charter)

Charter did not authorize, ratify, encourage, participate in, aid, or abet any of the purported misconduct Plaintiff alleges.

## NINTH AFFIRMATIVE DEFENSE

### (To All Claims For Relief Alleged Against Charter)

Plaintiff did not and cannot allege an agency relationship or vicarious liability, much less the requisite control, to render Charter liable for the alleged violations at issue.

## TENTH AFFIRMATIVE DEFENSE

### (To All Claims For Relief Alleged Against Charter)

Charter is not liable to Plaintiff because Charter acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## ELEVENTH AFFIRMATIVE DEFENSE

### (To All Claims For Relief Alleged Against Charter)

Plaintiff's claims are barred on the basis that Plaintiff would be unjustly enriched if he was allowed to recover against Charter.

## TWELFTH AFFIRMATIVE DEFENSE

### (To All Claims For Relief Alleged Against Charter)

The contribution of Charter to Plaintiff's alleged harm, if any, was *de minimis.*

## THIRTEENTH AFFIRMATIVE DEFENSE

### (To All Claims For Relief Alleged Against Charter)

In the event that a cause for all or part of Plaintiff's alleged damages is found to be the acts or omissions of Plaintiff or a third party, the Complaint, and each purported cause of action therein, is barred.   Charter is entitled to a judicial determination of the percentage of fault of the person(s) whose conduct directly and proximately caused and/or contributed to Plaintiff's alleged damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (To All Claims For Relief Alleged Against Charter)

In the event that a cause for all or part of Plaintiff's alleged damages is found to be the acts or omissions of Plaintiff or a third party, the conduct of Plaintiff or its agents, in failing to exercise ordinary care, caution, or prudence, contributed as a proximate cause in bringing about the injury complained of, if any, and the total damages to which Plaintiff is entitled, if any, should be reduced in proportion to the comparative fault of Plaintiff or its agents.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (To All Claims For Relief Alleged Against Charter)

In the event that a cause for all or part of Plaintiff's alleged damages is found to be the acts or omissions of Plaintiff or a third party, Plaintiff's alleged damages, if any, were proximately caused by the negligent, reckless or intentional acts or omissions of third parties which Charter did not have the legal right, duty or opportunity to control, and which acted without Charter's knowledge, participation, approval, or ratification.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (To All Claims For Relief Alleged Against Charter)

Plaintiff's claims may be barred, in whole or in part, by the doctrine of accord and satisfaction.

DEFENDANT CHARTER COMMUNICATIONS, INC.'S ANSWER TO COMPLAINT

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (To All Claims For Relief Alleged Against Charter)

Plaintiff's claims may be barred, in whole or in part, on the basis that he failed to mitigate his damages, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (To All Claims For Relief Alleged Against Charter)

Plaintiff is precluded from any recovery from Charter for alleged willful and knowing statutory violations because any such violations (which Charter denies occurred) would not have been willful or knowing.

## NINETEENTH AFFIRMATIVE DEFENSE

### (To All Claims For Relief Alleged Against Charter)

Plaintiff's damages, if any, constitute non-economic damages, such that Charter's liability, if any, is limited to the amount of Plaintiff's damages allocated to Charter in direct proportion to Charter's percentage of fault.

## TWENTIETH AFFIRMATIVE DEFENSE

### (To All Claims For Relief Alleged Against Charter)

Charter is not liable to Plaintiff because Plaintiff consented to and approved all of the acts and omissions about which Plaintiff now complains.  In addition to other manifestations of consent, Plaintiff knowingly and willingly continued to use Charter's services after allegedly experiencing the issues alleged in his complaint, even though the relationship between Plaintiff and Charter is at will and Plaintiff could have stopped using Charter's services at any time.  According, Plaintiff is barred from pursuing this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (To All Claims For Relief Alleged Against Charter)

Any recovery is barred under the equitable doctrine of unclean hands.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (To All Claims For Relief Alleged Against Charter)

Any recovery is barred by laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (To Plaintiff's Defamation and False Light Claim For Relief Alleged Against Charter)

Plaintiff's claim for defamation fails because any and all of Charter's purported statements at issue in the Complaint were true.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (To Plaintiff's Defamation and False Light Claim For Relief Alleged Against Charter)

Plaintiff's claim for defamation is barred, in whole or in part, by privilege.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (To Plaintiff's Defamation and False Light Claim For Relief Alleged Against Charter)

Plaintiff's claim for defamation is barred, in whole or in part, because Charter acted in good faith and without malice.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (To Plaintiff's FCCA Claim For Relief Alleged Against Charter)

Plaintiff has suffered no injury-in-fact and does not have standing to assert Fair Credit Reporting Act ("FCRA") violations against Charter. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (To Plaintiff's FCRA Claim For Relief Alleged Against Charter)

Plaintiff's claim for violations of the FCRA fails because Charter does not engage in credit reporting and any such purported reporting regarding any Charter account by a third party was not inaccurate or incomplete.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (To Plaintiff's FCRA Claim For Relief Alleged Against Charter)

Plaintiff's claim for violations of the FCRA fails because Charter does not engage in credit reporting and a reasonable investigation into any dispute by Plaintiff regarding a tradeline about a Charter account on his credit report was conducted.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (To Plaintiff's FCRA Claim For Relief Alleged Against Charter)

Plaintiff's claim for violations of the FCRA fails because the FCRA expressly bars individuals from bringing a private cause of action against a furnisher for providing inaccurate or incomplete information to a consumer reporting agency. *See* 15 U.S.C. §§ 1681s-2(c)–(d).

## THIRTIETH AFFIRMATIVE DEFENSE

### (To All Claims For Relief Alleged Against Charter)

Charter reserves the right to raise additional affirmative defenses to which it may be entitled or which may be developed in the course of discovery.

WHEREFORE, having fully answered the allegations in the Complaint and setting forth its defenses thereto, Charter respectfully requests this Court enter judgment in its favor, dismiss the Complaint, award Charter its costs incurred in this action, and enter all other appropriate relief in favor of Charter.

DATED:  February 9, 2020

**Respectfully submitted,**

**THOMPSON COBURN LLP**

By:    */s/Lauren Chee*
**LUKAS SOSNICKI**
**LAUREN CHEE**
Attorneys for Defendant CHARTER
COMMUNICATIONS, INC.

1

**PROOF OF SERVICE**

2

**Crawford vs. Charter**
**Case No. 2:21-cv-00116**

3

4   **STATE OF MISSOURI, COUNTY OF ST. LOUIS**

5           At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of St. Louis, State of Missouri.  My business address is 505 N 7th Street,
6   St. Louis, Missouri 63101.

7           On February 9, 2021, I served true copies of the following document(s) described as
**DEFENDANT CHARTER COMMUNICATIONS, INC.'S ANSWER TO**
8   **COMPLAINT** on the interested parties in this action as follows:

9   Donald L. Crawford, Sr.                              In Pro Per
702 Teakwood Avenue
10  Rialto, CA  92376
Tel:  (909) 333-9024
11

12          **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection and
mailing, following our ordinary business practices.  I am readily familiar with the practice of
13  Thompson Coburn LLP for collecting and processing correspondence for mailing.  On the same
day that correspondence is placed for collection and mailing, it is deposited in the ordinary course
14  of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.
I am a resident or employed in the county where the mailing occurred.  The envelope was placed
15  in the mail at St. Louis, Missouri.

16          I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct and that I am employed in the office of a member of the bar of this
17  Court at whose direction the service was made.

18          Executed on February 9, 2021, at St. Louis, Missouri.

19

20  ----------------------------------------                    ----------------------------------------
Print Name
21

22

23

24

25

26

27

28

1
PROOF OF SERVICE